**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLIOT NILSSON GARCIA-CASTRO, | No. 14-72968 |
| Petitioner, | Agency No. A072-321-175 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before: FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Elliot Nilsson Garcia-Castro, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen.

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Garcia-Castro's untimely and number-barred motion to reopen because Garcia-Castro failed to establish prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture to qualify for an exception to the time and number limitations for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 986 (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought).

We lack jurisdiction to consider Garcia-Castro's contentions regarding humanitarian asylum because he did not exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**